1  McGREGOR W. SCOTT
   United States Attorney
2  R. STEVEN LAPHAM
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California  95814
4  Telephone: (916) 554-2724



**FILED**

MAR - 3 2006



CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
                    DEPUTY CLERK

5

6

7                IN THE UNITED STATES DISTRICT COURT

8            FOR THE EASTERN DISTRICT OF CALIFORNIA

9
   UNITED STATES OF AMERICA,        )
10                                   )    CR. No. S-05-083 EJG
                   Plaintiff,       )
11                                   )    PLEA AGREEMENT
         v.                          )
12                                   )
   JEREMIAH COLCLEASURE,             )    DATE:    March 3, 2006
13                                   )    TIME:    10:00 a.m.
                   Defendant.       )    COURT:   Courtroom 8
14  _____)

15

16       Pursuant to Rule 11(c) of the Federal Rules of Criminal

17  Procedure, the United States and the defendant, Jeremiah

18  Colcleasure, through his counsel, agree as follows:

19                              I.

20                         **INTRODUCTION**

21       **A.  Scope of Agreement:**  This document contains the complete

22  Plea Agreement between the United States Attorney's Office for the

23  Eastern District of California (the "government") and the defendant

24  regarding this case.  This Plea Agreement is limited to the United

25  States Attorney's Office for the Eastern District of California and

26  cannot bind any other federal, state, or local prosecuting,

27  administrative, or regulatory authorities.

28  ////

                                1

1    **B.  Court Not a Party:**  The Court is not a party to this Plea
2  Agreement.  Sentencing is a matter solely within the discretion of
3  the Court, the Court is under no obligation to accept any
4  recommendations made by the government, and the Court may in its
5  discretion impose any sentence it deems appropriate up to and
6  including the statutory maximum stated in this Plea Agreement.   If
7  the Court should impose any sentence up to the maximum established
8  by the statute, the defendant cannot, for that reason alone,
9  withdraw his guilty plea, and he will remain bound to fulfill all of
10  the obligations under this Agreement.  The defendant understands
11  that neither the prosecutor, defense counsel, nor the Court can make
12  a binding prediction or promise regarding the sentence he will
13  receive.

## II.

### NATURE AND ELEMENTS OF CHARGES.

16    **A.  Acknowledgment of Charges:**     The defendant acknowledges
17  that he has been charged by Superceding Indictment with two counts
18  of attempted arson of a building in or affecting interstate commerce
19  in violation of 18 U.S.C. §844(i), and one count of conspiracy to
20  commit arson in violation of 18 U.S.C. § 844(n).

21    **B.  Explanation and Understanding of Charge:**  Defendant has
22  read the charges against him and those charges have been explained
23  to him by his attorney.  Defendant fully understands the nature and
24  elements of the crime charged and what the government would be
25  required to show in order to obtain a conviction.

26  ////
27  ////
28  ////

2

1

2

### III.

### DEFENDANT'S OBLIGATIONS

3    **A.   Guilty Pleas:**  The defendant will plead guilty to Count Two
4    of the Superceding Indictment, agrees that he is in fact guilty of
5    that charge and that the facts set forth in the Factual Basis
6    attached hereto as Exhibit A are accurate.

7    **B.   Elements of the Offense:**  The defendant understands that to
8    be convicted of the crime to which he is pleading guilty the
9    government would have to show beyond a reasonable doubt each of the
10   following elements:

11       (1) That on or about December 25, 2004, the defendant attempted
12       to intentionally damage or destroy a building by means of fire;
13       (2) That the building which the defendant attempted to damage
14       or destroy was used in interstate commerce or in an activity
15       affecting interstate commerce; and

16       (3) That the defendant acted maliciously; that is, that he
17       acted intentionally without just cause or excuse.

18   **C.   Restitution**: By signing this Agreement, the defendant also
19   agrees that the Court must order the payment of restitution for the
20   full loss, if any, caused by the defendant's wrongful conduct.

21   **D.   Special Assessment:**  The defendant agrees to pay a special
22   assessment of $100 at the time of sentencing by delivering a check
23   or money order payable to the United States District Court to the
24   United States Probation Office immediately before the sentencing
25   hearing.

26   / / / /

27   / / / /

28   / / / /

3

**IV.**

**THE GOVERNMENT'S OBLIGATIONS**

**A.   No further charges:**   The government agrees to bring no further charges arising out of the facts set forth in Exhibit A.

**B.   Recommendations:**

**1.   Term of Incarceration:**   The government will recommend that the defendant initially be sentenced to the mandatory minimum 5 year term of imprisonment.

**2.   Motion for Downward Departure:**   The government will recommend that the defendant receive a downward departure from his applicable sentencing guidelines or statutory minimum sentence to 30 months based on his having provided substantial assistance to the government in this investigation.   The defendant understands that such a motion is only a recommendation and is not binding on the court.

**V.**

**MAXIMUM SENTENCE**

**A.   Maximum Penalty:**   The maximum sentence which the Court can impose on the charge to which the defendant is pleading guilty is 20 years of incarceration, a 3 year period of supervised release, a fine of $250,000, and a special assessment of $100.   By signing this Agreement, the defendant acknowledges that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct.   The defendant further agrees that he will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

**B.   Minimum Sentence:**   The minimum term of imprisonment which the court may impose on the charge to which the defendant is

4

1 | pleading guilty is 5 years.

2 | **C. Violations of Supervised Release:** The defendant understands
3 | and agrees that if he violates a condition of supervised release at
4 | any time during the term of supervised release, the Court may revoke
5 | the term of supervised release and require the defendant to serve up
6 | to two additional years imprisonment.

**VI.**

**SENTENCING DETERMINATION**

9 | **A. Statutory Authority:** The defendant understands that the
10 | Court must consult the Federal Sentencing Guidelines (as promulgated
11 | by the Sentencing Commission pursuant to the Sentencing Reform Act
12 | of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as
13 | modified by United States v. Booker and United States v. Fanfan,
14 | __ U.S. __, 125 S.Ct. 738 (2005)) and must take them into account
15 | when determining a final sentence. Defendant understands that the
16 | Court will determine a non-binding and advisory guideline sentencing
17 | range for this case pursuant to the Sentencing Guidelines.
18 | Defendant further understands that the Court will consider whether
19 | there is a basis for departure from the guideline sentencing range
20 | (either above or below the guideline sentencing range) because there
21 | exists an aggravating or mitigating circumstance of a kind, or to a
22 | degree, not adequately taken into consideration by the Sentencing
23 | Commission in formulating the Guidelines. Defendant further
24 | understands that the Court, after consultation and consideration of
25 | the Sentencing Guidelines, must impose a sentence that is reasonable
26 | in light of the factors set forth in 18 U.S.C. § 3553(a).

27 | **B. Stipulations Affecting Guidelines Calculation:** The
28 | government and the defendant agree that there is no material dispute

5

1  as to the following sentencing guideline variables and therefore
2  stipulate to the following:

3       **1.  Base Offense Level:** Pursuant to USSG §2K1.4(a)(1), the
4  base offense level for Count 2 is 20.

5       **2.  Specific Offense Characteristics:**   None.

6       **3.  Victim-related Adjustments:** None.

7       **4.  Role in the Offense Adjustment:**  None.

8       **5.  Obstruction Adjustment:** None.

9       **6.  Decrease for Acceptance of Responsibility:** 3

10      **7.  Criminal History:** The parties agree that the defendant
11  has a Criminal History Category of I.

12      **8.  Resulting Guideline Range:** 24-30 months.  Due to the
13  mandatory minimum sentence in this case, pursuant to USSG §
14  5G1.1(b), the applicable guideline sentence is 60 months.

15                              **VII.**

16                            **WAIVERS**

17  **A.  Waiver of Constitutional Rights:**  The defendant understands
18  that by pleading guilty he is waiving the following constitutional
19  rights:

20      **1.  Public and Speedy Trial:**  If defendant were to plead
21  not guilty to the charges in the indictment, he would be entitled to
22  a public and speedy trial.

23      **2.  Jury Trial, Presumption of Innocence, Unanimous**
24  **Verdict:**  The defendant has an absolute right to a jury trial.  At
25  that trial, the jury would be instructed that the defendant is
26  presumed innocent and that he carries that presumption throughout
27  the trial until such time as the government overcomes the
28  presumption by evidence adduced at the trial.  The jury would be

                                 6

1 further instructed that it could not convict the defendant unless
2 all twelve jurors agreed that the government had proved guilt beyond
3 a reasonable doubt.

4 **3. Confrontation of Witnesses:** At the trial, the
5 defendant would be entitled to see, hear and confront the witnesses
6 and the evidence against him.  These witnesses would be testifying
7 under the penalty of perjury and would be subject to cross-
8 examination by the defendant's attorney.

9 **4. Compulsory Process:** At the trial, the defendant would
10 be entitled to present witnesses and other evidence in his own
11 behalf and, if the witnesses refused to appear voluntarily, the
12 defendant would be entitled to use the court's process to compel
13 their attendance.

14 **5. Privilege Against Self Incrimination:** At a trial, the
15 defendant would have a privilege against self-incrimination so that
16 he could not be compelled to testify and the jury could be
17 instructed that no inference of guilt could be drawn from the
18 defendant's failure to testify.

19 **6. Right to Appeal:** If, after a trial, the defendant
20 were convicted, he would have a right to appeal the conviction.

21 **7. Representation of Counsel:** The defendant is entitled
22 to be represented by competent counsel through all stages of the
23 case, including appeal, and if the defendant could not afford an
24 attorney one would be appointed for him by the court.

25 Defendant understands that by pleading guilty he is waiving
26 all of the rights set forth above.  Defendant's attorney has
27 explained those rights to him and the consequences of his waiver of
28 those rights and the defendant freely and voluntarily consents to

1 said waiver.

2      **B.   Waiver of Appeal Rights and Collateral Attack:**   The
3 defendant agrees to waive all rights to appeal this plea and
4 sentence and to attack collaterally this plea and sentence whether
5 by way of a motion pursuant to 28 U.S.C. § 2255 or otherwise,
6 provided he is sentenced in accordance with the parties'
7 stipulations.

8      If the defendant's conviction on any of the counts to which he
9 is pleading is ever vacated at the defendant's request, or his
10 sentence is ever reduced at his request, the government shall have
11 the right (1) to prosecute the defendant on any of the counts to
12 which he pleaded guilty; (2) to reinstate any counts that may be
13 dismissed pursuant to this agreement; and (3) to file any new
14 charges that would otherwise be barred by this agreement.   The
15 decision to pursue any or all of these options is solely in the
16 discretion of the United States Attorney's Office.   By signing this
17 agreement, the defendant agrees to waive any objections, motions,
18 and defenses he might have to the government's decision.   In
19 particular, he agrees not to raise any objections based on the
20 passage of time with respect to such counts including, but not
21 limited to, any statutes of limitation or any objections based on
22 the Speedy Trial Act or the Speedy Trial Clause of the Sixth
23 Amendment.

24      **C.   Waiver of Attorneys' Fees and Costs:**   The defendant
25 agrees to waive rights under the "Hyde Amendment," Section 617, P.L.
26 105-119 (Nov. 26, 1997), to recover attorneys fees or other
27 litigation expenses in connection with the investigation and
28 prosecution of all charges in the above-captioned matter and of any

8

1  related allegations (including without limitation any charges to be
2  dismissed pursuant to this Agreement and any charges previously
3  dismissed).

### VIII.

### APPROVALS AND SIGNATURES

6      **A.  Defense Counsel:**  I have read this Plea Agreement and have
7  discussed it fully with my client.  The Plea Agreement accurately
8  and completely sets forth the entirety of the agreement.  I concur
9  in my client's decision to plead guilty as set forth in this
10 Agreement.
11 DATED:  _MARCH 1, 2006_                    _____
                                            SCOTT L. TEDMON
12                                          Counsel for Defendant
13

14     **B.  Defendant:**  I have read this Plea Agreement and carefully
15 reviewed every part of it with my attorney.  I understand it, and I
16 voluntarily agree to it.  Further, I have consulted with my attorney
17 and fully understand my rights with respect to the provisions of the
18 Sentencing Guidelines which may apply to my case.  No other promises
19 or inducements have been made to me, other than those contained in
20 this Agreement.  In addition, no one has threatened or forced me in
21 any way to enter into this Plea Agreement.  Finally, I am satisfied
22 with the representation of my attorney in this case.

23
24 DATED:  _March 1, 2006_                    _____
                                            JEREMIAH COLCLEASURE
25                                          Defendant
26 ////
27 ////
28 ////

9

1    **C.   Attorney for United States:**

2         I accept and agree to this Plea Agreement on behalf of the

3    government.

4    DATED:   _3/2/06_____

5                                  McGREGOR W. SCOTT
                                  United States Attorney
6

7                            By: R. Steven Lapham
                             R.  STEVEN LAPHAM
8                                Assistant U.S. Attorney

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                   10

1

## EXHIBIT "A"

2

## Factual Basis for Plea

3      In the early morning hours of December 25, 2004, the defendant
accompanied Ryan Lewis, Eva Holland, and Lili Holland to the Twelve
4  Bridges housing development in Lincoln, California, for the purpose
of placing incendiary devices in homes then under construction on
5  Flores Court.  The targeted homes were being built by JTS Homes and
were intended for resale in the retail housing market.

6
       The components for the incendiary devices had previously been
7  constructed by Ryan Lewis and placed by Lewis in the back of his
car.  Lewis drove his car containing the incendiary devices and his
8  three accomplices, including the defendant, to the Twelve Bridges
development.  After arriving at Flores Court, the defendant acted as
9  a lookout and spray painted graffiti.  Ryan Lewis placed the
incendiary devices in two of the homes and rigged them to function.
10  The incendiary devices did not function properly but were capable of
causing extensive fire damage to the structures if they had
11  successfully functioned.

12      The graffiti painted by the defendant on one of the homes
included, "Enjoy the world as is - as long as you can", "U will
13  pay", "Evasion", "4 Q" and "Leave".  The defendant also broke some
windows.  Ryan Lewis painted the letters "ELF" in the cul-de-sac
14  where these homes were located.  ELF is a reference to the Earth
Liberation Front, which is recognized by the FBI as being an eco-
15  terrorist group.  A major concern of ELF is suburban real estate
development.

16

17

18

19

20

21

22

23

24

25

26

27

28

1